

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CASE NO. 9:09-CR-5 |
| | § | |
| ZACHERY LANE | § | |

### FINDINGS OF FACT AND RECOMMENDATION ON PLEA OF TRUE
### BEFORE THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and the Local Rules for the District Court, Eastern District of Texas, the District Court referred this matter for hearing and the submission of findings of fact and a report and recommendation pursuant to 18 U.S.C. §§ 3401(I) and 3583(e). The United States alleges that Defendant, Zachery Lane, violated conditions of supervised release imposed by United States District Judge Ron Clark. The United States Probation Office filed its *First Amended Petition for Warrant or Summons for Offender Under Supervision* (doc. #76) requesting the revocation of the defendant's supervised release.

The Court conducted a hearing on March 18, 2015, in accordance with Federal Rules of Criminal Procedure 11, 32 and 32.1. Defendant was present and represented by counsel at the hearing. Having heard the evidence, this court factually finds that the defendant has violated conditions of supervision and recommends that such violation warrants the revocation of his supervised release.

After conducting the proceeding in the form and manner prescribed by Federal Rule of Criminal Procedure 11, the Court finds:

a. That Defendant, after consultation with counsel of record, has knowingly, freely and voluntarily consented to the administration of the plea of true in this cause by a United States Magistrate Judge subject to a final approval and imposition of sentence by the District Court.

b. That Defendant is fully competent and capable of entering an informed plea, that Defendant is aware of the nature of the charges and the consequences of the plea, that his plea of true is a knowing and voluntary plea, not the result of force or threats, and that the plea is supported by an independent evidentiary basis in fact establishing each of the essential elements of the conduct.

## STATEMENT OF REASONS

### A. Procedural History

On February 11, 2010, the Honorable Ron Clark, United States District Judge for the Eastern District of Texas, sentenced defendant after he pled guilty to the offense of Possession of an Unregistered Firearm, a Class C felony. Judge Clark sentenced the defendant to 30 months imprisonment followed by 2 years supervised release. Upon release, he was subject to the standard conditions of release, plus special conditions to include financial disclosure and testing and treatment for drug abuse. On May 18, 2012, Zachery Lane completed his period of imprisonment and began service of the supervision term.

On October 19, 2012, the Court modified the defendant's conditions to include the following:

"Under the guidance and direction of the U.S. Probation Office, the defendant shall

participate in a program of psychiatric and mental health services and shall comply with any medication requirements as prescribed by the treatment provider.

The defendant shall perform 40 hours of community service as directed by the probation officer.

The defendant shall participate in workforce development programs and services as directed by the probation officer, which will include occupational/career development, including but not limited to assessment and testing, education, instruction, training classes, career guidance, job search and retention services until successfully discharged from the program or until gainful employment is obtained."

On May 16, 2013, Judge Clark modified Lane's supervision conditions again, to include the following new condition:

"The defendant shall reside in a residential reentry center or similar facility, in the community corrections component for a period of 120 days to commence immediately, at the direction of the U.S. Probation Office. The defendant shall pay subsistence and observe the rules of that facility."

On August 23, 2013, the Court revoked Mr. Lane's term of supervised release and sentenced the defendant to 8 months imprisonment to include 79 days of unserved community confinement time, followed by a 1 year term of supervised release. On February 21, 2014, Mr. Lane completed his most recent term of imprisonment and began service of his new supervision term.

The Lufkin Division for the United States District Court for the Eastern District of Texas has since been reassigned to United States District Judge Michael H. Schneider. Accordingly, this case was reassigned to Judge Schneider on March 18, 2015.

**B. Allegations in Petition**

The United States alleges that the defendant violated the following special condition of supervised release:

*The defendant shall participate in a program of testing and treatment for drug abuse, under the guidance and direction of the U.S. Probation Office, until such time as the defendant is released from the program by the probation officer.*

Specifically, Mr. Lane was to report for random drug/alcohol tests on March 4th and 17th, April 1st, 3rd and 14th, May 19th and 29th, and June 2nd, 10th, and 16th of 2014, but did not report to submit specimens on those days.

**C. Evidence presented at Hearing:**

At the hearing, the Government proffered the following evidence as its factual basis for the allegations set out *supra*. The Government submitted exhibits including two "no show" notification forms from the United States Probation Office which establish that Mr. Lane failed to report on May 18th and June 10th of 2014 for scheduled drug testing. *See Government Exhibits 1 and 2 Presented at March 18, 2015, Revocation Hearing.* The Government also offered a copy of a letter from United States Probation Officer Bennie Kadlecek to Mr. Lane advising him of his various violations for failing to report for testing and treatment as required and notifying him that further noncompliance will result in consequences. *See Government Exhibit 3 Presented at March 18, 2015, Revocation Hearing.*

**D. Sentencing Guidelines; Findings and Recommended Disposition**

The allegations, supporting evidence and plea of true warrant revocation of supervised release. *See* 18 U.S.C. § 3583(e)(3). The Court factually finds by a preponderance of the evidence

that the defendant violated a special condition of his supervised release by failing to participate in a program for drug testing and treatment as required.

If the Court finds that Mr. Lane violated his supervision conditions in the manner stated above, this will constitute a Grade C violation under U.S.S.G. § 7B1.1(a). Upon finding a Grade C violation, the Court may revoke the defendant's supervised release. *See* U.S.S.G. § 7B1.3(a)(2). Based upon the defendant's criminal history category of III and the Grade C violation, the Sentencing Guidelines suggest a sentence of imprisonment for a period ranging from 5 to 11 months. *See* U.S.S.G. § 7B1.4(a). Because the offense of conviction in this case was a Class C felony, the statutory maximum imprisonment term upon revocation is two years. *See* 18 U.S.C. § 3583(e)(3). However, the Court previously revoked Mr. Lane's supervision and sentenced him to 8 months in prison for the revocation, as discussed above, which caps the maximum prison term at 16 months.

The Fifth Circuit states that Chapter 7 of the Sentencing Guidelines regarding the revocation of supervised release is advisory only. *See United States v. Cade*, 279 F.3d 265, 271 n.2 (5th Cir. 2002) (citing *United States* v. *Montez*, 952 F.2d 854, 859 (5th Cir. 1992); *United States v. Headrick*, 963 F.2d 777, 782 (5th Cir. 1992)). Because Chapter 7 was promulgated as an advisory policy statement and there are no applicable guidelines for sentencing after revocation of supervised release[1], the Court may impose a greater or lesser sentence upon revocation. *United States v. Gonzalez*, 250 F.3d 923, 925 (5th Cir. 2001). Further, a sentence imposed for revocation will be upheld unless it is in violation of the law or plainly unreasonable. *Id. See also United States v.*

---

[1] *See U.S. Sentencing Guidelines Manual*, Ch. 7, pt. A, cmt. 1 ("At this time, the Commission has chosen to promulgate policy statements only.")

*Pena*, 125 F.3d 285, 288 (5th Cir. 1997) (citations omitted).

Here, the evidence and the defendant's own admission supports a finding that the defendant failed to participate in drug testing in violation of his supervision conditions. Mr. Lane voluntarily pled true, agreed with the Court's recommended sentence for that violation, and waived his right to allocute before the District Court. *See Consent to Revocation of Supervised Release and Waiver of Right to Be Present and Speak at Sentencing.*

Accordingly, based upon the defendant's plea of true, the agreement of the parties, and the evidence presented in this case, the undersigned United States Magistrate Judge recommends that the District Court accept the plea of true and revoke Defendant's supervised release. The undersigned magistrate judge further recommends that the District Court order Defendant to serve a term of **eleven (11) months imprisonment** for the revocation, with no additional term of supervision upon his release. The Court further recommends that the defendant receive credit tor time spent in federal custody since his arrest in December 2014.

## **OBJECTIONS**

Objections must be: (1) specific, (2) in writing, and (3) served and filed within fourteen (14) days after being served with a copy of this report. *See* 28 U.S.C. § 636(b)(1). A party's failure to object bars that party from: (1) entitlement to *de novo* review by a district judge of proposed findings and recommendations, *see Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error of unobjected-to factual findings and legal conclusions accepted by the district court, *see Douglass v. United Servs. Auto. Ass'n.*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc). The constitutional safeguards afforded by Congress and the courts require that, when a party takes advantage of his right to object to a magistrate's findings or

recommendation, a district judge must exercise its nondelegable authority by considering the actual evidence and not merely by reviewing and blindly adopting the magistrate judge's report and recommendation. *See Hernandez v. Estelle,* 711 F.2d 619, 620 (5th Cir. 1983); *United States v. Elsoffer*, 644 F.2d 357, 359 (5th Cir. 1981) (per curiam).

**SIGNED this the 20th day of March, 2015.**

KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE